| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |
|---|---|---|

JOEL CHRISTIAN HARDMAN, §
§
    Petitioner, §
§
*versus* §   CIVIL ACTION NO. 1:21-CV-360
§
DIRECTOR, TDCJ-ID, §
§
    Respondent. §

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Joel Christian Hardman, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges convictions for aggravated sexual abuse of a child and sexual performance of a child.

The court previously referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of the court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be denied.

The court has received the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo review* of the objections in relation to the pleadings and the applicable law.

Initially, petitioner asserts in his objections, that he is entitled to a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). He asserts he should be allowed to return to state court to introduce new evidence into the state court record that could then be considered in federal habeas review.

In *Rhines*, the Supreme Court stated that federal habeas proceedings could be stayed to allow a petitioner to exhaust a claim in state court to ensure petitioners with mixed claims do not

"forever los[e] [the] opportunity for any federal review of their unexhausted claims." *Id*. at 275. A stay is available when a petitioner can show: (1) good cause for the failure to exhaust; (2) that the request is not plainly meritless, and (3) that the request is not for the purpose of delay. *Id*. at 277-78.

Petitioner's request does not fit the circumstances described in *Rhines*. He does not seek to present a new ground for review to the state courts and thereby exhaust his state remedies with respect to such ground for review. Instead, he wants to present new evidence to the courts regarding a ground for review that has already been exhausted. As a result, petitioner is not entitled to a stay pursuant to *Rhines*.

In one of his grounds for review, petitioner asserted he received ineffective assistance of counsel because counsel did not inform him of certain factors before he pled guilty. The state habeas trial court found counsel informed him of certain of the factors and that, with respect to the remaining factors, petitioner suffered no prejudice as a result of not being informed of them. The magistrate judge stated that the findings and conclusions of the state courts on this point were not unreasonable based on the evidence before the state courts and were not contrary to, or an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d).

In his objections, petitioner asserts the magistrate judge failed to consider the letters and communications he sent to his former wife. He states that in these communications he told his former wife he did not intend to accept a plea offer and believed he was being "railroaded."

The communications petitioner references were in the record before the state courts. After considering the contents of these communications, the court agrees that the state courts did not err, either by making unreasonable factual findings or by reaching a decision that was contrary to, or an unreasonable application of, clearly established federal law.

Petitioner also asserted his pleas of guilty were involuntary because he was not permitted to review certain documents and reports prepared by Child Protective Services ("CPS"). As the magistrate judge stated, petitioner has failed to demonstrate how he would have been able to mount

2

a better defense if he had access to such records.  The record reflects petitioner's counsel had access to the records.  As a result, petitioner failed to demonstrate he suffered prejudice as a result of not being able to review the CPS records.

Petitioner also asserted his guilty pleas were involuntary because he was not mentally competent to enter them.  Statements made by petitioner at his plea hearing concerning his mental health are described in the Report and Recommendation.  These statements did not provide the trial court with a basis to conclude petitioner was mentally incompetent.  Further, petitioner's statements regarding his stress level and difficulty sleeping do not demonstrate he was mentally incompetent to enter his pleas.

Finally, petitioner objects to the conclusions reached by the magistrate judge concerning his claims of ineffective counsel.  After carefully reviewing the claims and petitioner's objections, the court agrees with the conclusions reached by the magistrate judge.

## ORDER

Accordingly, the objections filed by petitioner (#40) are **OVERRULED**.  The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge (#38) is **ADOPTED**.  A final judgment will be entered denying the petition.

Furthermore, petitioner is not entitled to the issuance of a certificate of appealability.  An appeal from a final judgment denying habeas relief may not proceed unless a certificate of appealability is issued.  *See* 28 U.S.C. § 2253.  The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004).  To make a substantial showing, the petitioner need not establish that he would prevail on the merits.  Rather, he must demonstrate that the issues raised in the petition are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further.  *See Slack*, 529 U.S. at 483-84.  Any doubt regarding whether to grant a certificate of appealability should be resolved in

favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issue of whether his grounds for review are meritorious is subject to debate amongst jurists of reason. The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Thus, a certificate of appealability will not be issued.

SIGNED at Beaumont, Texas, this 18th day of September, 2024.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE